UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Court File No. 26-mj-81 |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO STRIKE APPEARANCE OF GOVERNMENT'S COUNSEL** |
| Paul E. Johnson, | |
| Defendant. | |

---

Defendant moves this Court to strike the appearance of government's counsel Michael Hakes-Rodriguez. Mr. Hakes-Rodriguez is a U.S. Army Judge Advocate for the United States Army, and U.S. military lawyers are prohibited from performing civilian law enforcement under the Posse Comitatus Act. Further, it is not clear that Mr. Hakes-Rodriguez has been admitted to practice in *any* federal court, and it appears he is currently out of compliance with Local Rule 83.5(e). For these reasons, Defendant respectfully requests that the Court strike the appearance of Mr. Hakes-Rodriguez and preclude his further participation in this case.

**I.  COUNSEL HAS NOT FULFILLED THE REQUIREMENTS OF LOCAL RULE 83.5(e).**

Local Rule 83.5(e) sets forth the requirements government attorneys must meet to appear before this Court. It provides two pathways to permission. Counsel for the government does not seem to satisfy the requirements of either pathway.

First, Rule 83.5(e) provides: "An attorney who is an active member in good standing of the bar of a federal court of appeals or a federal district court other than this court may, after filing the required form, represent the United States or any of its officers or agencies in this court." Rule 83.5(e)(1). Based on counsel's review of PACER, it does not appear Mr. Hakes-Rodriguez is an active member of good standing of any other federal court's bar. Moreover, it does not appear Mr. Hakes-Rodriguez has filed the *pro hac vice* form required under Rule 83.5(a)(1).

Second, Rule 83.5(e) provides: "Any other attorney may represent the United States or any of its officers or agencies in this court only if the attorney both files the required form and associates with an attorney from the United States Attorney's Office for the District of Minnesota." Rule 83.5(e)(2). Again, it does not appear Mr. Hakes-Rodriguez has sought *pro hac vice* admission in any of the cases he seeks to prosecute in this District, or that he has received "special permission" to appear pursuant to Local Rule 83.5(a). It is unclear the extent to which he has "associated with" counsel from the local United States Attorney's Office, but Mr. Hakes-Rodriguez appeared in this case via a Notice of Substitution that added him as government counsel and *removed* AUSA Kristian Weir as counsel of record, which would appear noncompliant with Rule 83.5(e)(2). *See* ECF No. 19.

For these reasons, Mr. Hakes-Rodriguez's further appearance in this case violates Rule 83.5(e). His appearance should be stricken and further participation in this case should be precluded.

## II. THE POSSE COMITATUS ACT BARS MR. HAKES-RODRIGUEZ'S PARTICIPATION IN THIS CASE.

### A. The Posse Comitatus Act Precludes Military Participation In Domestic Law Enforcement.

The Posse Comitatus Act provides: "[w]hoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C.S § 1385. It is "clear from the legislative history" of 18 U.S.C. § 1385, by enacting this statute and by using the clause "uses any part of the Army or the Air Force as a posse comitatus or otherwise" Congress intended to prevent the use of federal troops to participate in domestic law enforcement. *United States v. Red Feather*, 392 F. Supp. 916, 923 (D.S.D. 1975).

The Posse Comitatus Act forbids the direct, active use of troops against civilians. *Id*. at 922. The Act does not prohibit the military from engaging in *passive* roles which might *indirectly* aid law enforcement, however. *Id*. at 925 (emphasis in original). Such passive and indirect activities may include: military personnel providing advice or recommendations to civilian law enforcement officers on tactics or logistics; military personnel delivering military material, equipment, or supplies, and training local law enforcement officials on the proper use and care of such material, equipment, or supplies; preparing contingency plans to be used if military intervention is ordered; and other like activities. *Id*.

On February 27, 2013, the DoD issued its Instruction 3025.21, which delineates, among other things, the participation of DoD personnel in civilian law enforcement activities. It lists the "permissible direct assistance" with civilian law enforcement allowed under the Posse Comitatus Act. *See* Instruction 3025.1, Enclosure 3. None of these permissible areas of assistance include federal criminal prosecutions of the type brought here.

On March 5, 2020, the Department of Defense issued DoD Instruction 5525.07 titled, "Implementation of the Memorandum of Understanding Between the Departments of Justice and Defense Relating to the Investigation and Prosecution of Certain Crimes" which established an understanding between the Department of Defense and Department of Justice regarding prosecuting individuals in matters where both agencies have jurisdiction over the underlying matter. In those matters, the Department of Justice may designate Department of Defense attorneys as Special Assistant United States Attorneys ("SAUSA"). *Id*. Importantly, there is no provision authorizing Department of Defense attorneys as SAUSAs where the Department of Defense lacks jurisdiction. *Id*. This omission is intentional. The Departments of Defense and Justice recognize that using military attorneys to prosecute civilians violates 18 U.S.C. § 1385. As such, there is no plausible reason a U.S. Army Judge Advocate should be prosecuting Mr. Johnson in a Minnesota court.

> **B. Because Mr. Hakes-Rodriguez's Prosecution of Mr. Johnson Violates the Posse Comitatus Act, His Appearance Should Be Stricken.**

Mr. Hakes-Rodriguez is, upon information and belief, currently serving as active-duty military legal counsel in the United States Army as a U.S. Army Judge Advocate. In this case, however, Mr. Hakes-Rodriguez is appearing as counsel for the United States of America against a civilian, in a civilian court proceeding in the District of Minnesota, as a "Special Assistant United States Attorney" or SAUSA.

Defendant is accused of violating 18 U.S.C. § 111, for "assaulting, resisting, or impeding" a Customs and Border Patrol employee. These charges have nothing to do with the United States Army. Customs and Border Patrol employees are not part of any military branch. Therefore, the Department of Defense ("DoD") does not have jurisdiction here. And the Department of Defense understands that it cannot prosecute cases for which it lacks jurisdiction, as the above-cited DoD Instructions make clear.

Moreover, an active-duty military lawyer prosecuting a case on behalf of the United States of America against a civilian is not merely engaged in a passive, indirect role in civilian law enforcement efforts. Mr. Hakes-Rodriguez is not providing advice or recommendations to local civilian law enforcement officers. Mr. Hakes-Rodriguez is not delivering military material, equipment, or supplies. Mr. Hakes-Rodriguez is not training local law enforcement officials on the proper use and care of any such military material, equipment, or supplies. Mr. Hakes-Rodriguez is not preparing contingency plans to be used if military intervention is so ordered. Mr. Hakes-Rodriguez is not engaged in activities like those exceptions delineated in the DoD Instructions. Mr. Hakes-Rodriguez is engaged in a

direct, active use of military personnel against a civilian as the sole prosecutor advancing this case against Mr. Johnson. The Constitution does not authorize this, and the Posse Comitatus Act forbids it. Mr. Hakes-Rodriguez is *expressly prohibited* from prosecuting United States civilians in civilian courts on behalf of the United States of America. His appearance should be stricken.

For the above-stated reasons, Mr. Hakes-Rodriguez's appearance in this case should be stricken and his further participation precluded.

Dated:  February 16, 2026  /s/ Kevin C. Riach
Kevin C. Riach (#0389277)
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone:  612.203.8555
kevin@riachdefense.com
*Attorney for Defendant*