UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Court File No. 26-mj-81 |
| Plaintiff, | |
| v. | **DEFENDANT'S MEMORANDUM OPPOSING MOTION FOR** |
| Paul E. Johnson | **PROTECTIVE ORDER** |
| Defendant. | |

---

Defendant opposes the government's Motion for a Protective Order, except to the extent it seeks to prevent public disclosure of email addresses, phone numbers, social security numbers, or addresses of any party or witness. *See* ECF No. 28. Federal Rule 16(d)(1) authorizes issuance of a protective order where the moving party shows "good cause." "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007). "The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.*

The government's motion does not meet this standard. Generic concerns about doxxing do not "establish . . . that disclosure will work a clearly defined and serious injury to the party seeking closure." Absent "specific examples or articulated reasoning" about why the names of government agents should be kept secret, no good cause exists here to

grant the government's motion. Moreover, the government has already produced substantial unredacted discovery to the undersigned counsel in two other cases, as well as this one, absent any protective order, undercutting its claims that producing this information somehow threatens the privacy or safety of ICE officers.

The government's request is especially ironic given its clearly pre-planned and staged doxxing of Mr. Johnson by the United States Attorney General herself, who published Mr. Johnson's name, a staged photograph of Mr. Johnson, and allegations that he was "violent" and a "rioter," all in violation of the Court's sealing order. This premeditated doxxing of Mr. Johnson visited upon Mr. Johnson the very harms about which the government now expresses concern with respect to the "victim" officers.

Magistrate Judge Foster has already denied in relevant part an identical motion[1] filed in *U.S. v. Flores*. *See* Order, ECF No. 26, Case No. 26-mj-57 (D. Minn., filed Feb. 24, 2026). Judge Foster put it well: "As a threshold matter, the government's claimed concern about the victim/agents' 'dignity and privacy' and the risk of doxxing is eyebrow-raising, to say the least," given its own doxxing of defendants. *Id.* at 2.

We do not have secret police in this country, at least not yet, despite the government's best efforts. The government's motion should be denied, except to the extent that it protects social security numbers, email addresses, phone numbers, and addresses of parties or witnesses from public disclosure.

---

[1] *Compare* Motion for Protective Order, ECF No. 28 *with* Motion, *U.S. v. Flores,* ECF No. 24, Case No. 26-mj-57 (D. Minn., filed Feb. 24, 2026).

Respectfully Submitted,

Dated:  February 16, 2026         */s/ Kevin C. Riach*
Kevin C. Riach (#0389277)
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone:  612.203.8555
kevin@riachdefense.com
*Attorney for Defendant*